

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *(973) 645-2700*
*Newark, NJ 07102*

DS/ZI/PL AGR
2013R1077

December 17, 2014

Alex Spiro, Esq.
Brafman & Associates, P.C.
767 3rd Avenue
New York, NY 10017

CR 13-619-01

Re: <u>Plea Agreement with Babar Qureshi</u>

Dear Mr. Spiro:

This letter sets forth the plea agreement between your client, Babar Qureshi, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on December 29, 2014 if it is not accepted in writing by that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Babar Qureshi to Count 1 of the Indictment, Criminal No. 13-619, which charges that Babar Qureshi conspired to commit bank fraud, contrary to 18 U.S.C. § 1344 and in violation of 18 U.S.C. § 1349. If Babar Qureshi enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Babar Qureshi for his participation in a conspiracy to defraud financial institutions of moneys and funds under their custody and control by means of false and fraudulent pretenses through the use of fraudulently-obtained credit cards from in or about 2003 through in or about February 2013. In addition, if Babar Qureshi fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 15, 16, and 22 of the Indictment, Criminal No. 13-619, against Babar Qureshi. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Babar Qureshi agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the

date this agreement is signed by Babar Qureshi may be commenced against him, notwithstanding the expiration of the limitations period after Babar Qureshi signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which Babar Qureshi agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to $1,000,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Babar Qureshi is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Babar Qureshi ultimately will receive.

Further, in addition to imposing any other penalty on Babar Qureshi, the sentencing judge: (1) will order Babar Qureshi to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) order Babar Qureshi to pay restitution pursuant to 18 U.S.C. § 3663A(c); (3) may order Babar Qureshi, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require Babar Qureshi to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Babar Qureshi be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Babar Qureshi may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

In addition, with respect to the offense charged in Count 1, criminal forfeiture of all property constituting or derived from proceeds

obtained, directly or indirectly, as the result of such offense, and all property traceable to such property, is mandatory pursuant to 18 U.S.C. § 982(a)(2)(A). The defendant understands and agrees that the amount of money the defendant will be ordered to forfeit will be determined by the Court prior to sentencing, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. It is the Government's position that the property constituting or derived from proceeds obtained, directly or indirectly, as the result of the offense charged in Count 1 is an amount not less than $7,000,000. Accordingly, the Government will seek imposition of a criminal forfeiture money judgment in an amount not less than $7,000,000 as part of the defendant's sentence (the "Money Judgment"). In addition, the Government will seek forfeiture of all right, title and interest of the defendant in the specific property listed in the Indictment as having the requisite nexus to the bank fraud conspiracy offense charged in Count 1, pursuant to 18 U.S.C. § 982(a)(2)(A) (the "Specific Property"), with the forfeited money and the net proceeds derived from the sale of the forfeited Specific Property to be applied to the Money Judgment, in partial satisfaction thereof. For the avoidance of doubt, the Specific Property is listed in Schedule B to this plea agreement. The Government will also seek forfeiture of substitute assets, pursuant to 21 U.S.C. § 853(p) (incorporated by reference in 18 U.S.C. § 982(b)).

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Babar Qureshi by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Babar Qureshi's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Babar Qureshi agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence

that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Babar Qureshi from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Babar Qureshi waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Immigration Consequences

Babar Qureshi understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Babar Qureshi understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Babar Qureshi wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Babar Qureshi understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Babar Qureshi waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Babar Qureshi. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the Federal Bureau of Investigation) or any third party from initiating or prosecuting any civil or administrative proceeding against Babar Qureshi.

No provision of this agreement shall preclude Babar Qureshi from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Babar Qureshi received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Babar Qureshi and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: DANIEL SHAPIRO
ZACH INTRATER
Assistant U.S. Attorneys

APPROVED:

GURBIR S. GREWAL
Chief, Economic Crimes Unit

I have received this letter from my attorney, Alex Spiro, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 1-8-2015
Babar Qureshi

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 1/8/15
Alex Spiro, Esq.

Plea Agreement With Babar Qureshi

Schedule A

1. This Office and Babar Qureshi agree to stipulate to the following facts:

    a. Babar Qureshi engaged in a conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, from in or about 2003 through in or about 2013. The base offense level for this offense is 7. See U.S.S.G. § 2B1.1(a)(1).

    b. The offense involved the trafficking of unauthorized access devices as defined in U.S.S.G. § 2B1.1(11)(B)(i) and 18 U.S.C. § 1029(e)(3).

2. Babar Qureshi knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a Guidelines offense level of 33. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 33. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that argued by the parties. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

## Schedule B

- All right, title and interest of defendant BABAR QURESHI in approximately $225,871.35 formerly on deposit in Investment Account No. 756-022187 at TD Ameritrade, held in the names of BABAR H. QURESHI and Shabana Babar, JTWROS;

- All right, title and interest of defendant BABAR QURESHI in all funds and other property on deposit in Account No. 424512596 at the Royal Bank of Canada, held in the names of BABAR QURESHI and Shabana Babar;

- All right, title and interest of defendant BABAR QURESHI in all funds and other property on deposit in Forex Investment Account No. 10266008 at Gain Capital Group, LLC, held in the names of BABAR QURESHI and Shabana Babar;

- All right, title and interest of defendant BABAR QURESHI in the assets of 3259 SUNRISE REALTY, LLC, including but not limited to the gasoline service station business located at 3259 Sunrise Highway, Islip Terrace, New York 11752 and its attendant interests in real property, fixtures, equipment and personal property;

- All right, title and interest in that lot or parcel of land, together with its building buildings, appurtenances, improvements, fixtures, attachments and easements, located at 106 Middlesex Avenue, Iselin, Woodbridge Township, NJ 08830;

- Contents of any and all safe deposit boxes held by BABAR QURESHI at Bank of America, N.A. in Iselin, New Jersey;

And all property traceable to such property.